IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. ABDUL-HAQQ, II,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY J. AHERN, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 13-0866 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at the Alameda County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983. His application to proceed *in forma pauperis* is granted in a separate order. For the reasons discussed below, the case is dismissed for failing to state a cognizable claim for relief.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that jail officials by items for sale at the canteen by the bulk and then sell the items individually despite the fact that, in some instances, they are marked "not for individual sale."  He wants to buy these items in bulk but jail officials will not allow him to do so.  The actions of jail officials, as described by Plaintiff, do not violate any constitutional right or other federal law.  Consequently, the complaint does not state any cognizable claim for relief under Section 1983.

## CONCLUSION

For the reasons set out above, this action is DISMISSED.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  May 1, 2013

JEFFREY S. WHITE  
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

DAVID D ABDUL-HAQQ II,

    Plaintiff,

v.

GREGORY J AHERN et al,

    Defendant.

Case Number: CV13-00866 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 1, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David D. Abdul-Haqq
BAL065
Santa Rita Jail
5325 Broder Blvd.
Dublin, CA 94568

Dated: May 1, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk